SULLIVAN, Justice,
dissenting.
Norman Timberlake has asked this Court to stay his execution pending the decision of the United States Supreme Court in Panetti v. Quarterman, - U.S. -, 127 S.Ct. 852, - LEd2d - (2007) cert. granted. In Panetti, the United States Supreme Court has been asked to decide whether its decision in Ford v. Wainwright, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335, (1986), requires that Scott Louis Panetti, who has been sentenced to death, "rationally understand" the reason that he is to be executed or only that he be "aware" of the reason for his execution. Panetti v. Dretke, 448 F.3d 815, 819 (5th Cir.2006), cert. granted sub nom. Panetti v. Quarterman, 127 S.Ct. 852.
I have voted to deny the requested stay because I do not believe the outcome of Pametti will affect this case because Tim-berlake rationally understands the reason he is being executed and so would not be entitled to relief even if the proposition advanced by Panetti prevails. On December 15, 2006, this Court denied Timber-lake's request to initiate new post-conviction proceedings, holding that he was competent to be executed in accordance with the Ford standard. Timberlake v. State, 858 N.E.2d 625 (Ind.2006). Our conclusion was based in part on the opinion of a psychiatrist, George F. Parker, M.D., appointed by this Court to conduct a psychiatric examination of Timberlake for purposes of rendering an opinion on his present mental status. Dr. Parker's opinion concluded, in part:
It is my opinion, with reasonable medical certainty, that the defendant, despite his serious mental illness, does have the mental capacity to understand that he is about to be executed and to understand why he is to be executed.
Id. On the basis of this evidence, I conclude that Timberlake rationally understands the reason he is being executed.
SHEPARD, C.J., joins.